IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 22 CR 50009 |
| | ) | Judge Iain D. Johnston |
| FRED SMITH, | ) | |
| | ) | |
| Defendant. | ) | |

## PETITION TO ENTER A PLEA OF GUILTY

Defendant, FRED SMITH, individually and by counsel, **JERRY BISCHOFF,** petitions the Court for leave to withdraw the previously entered plea of not guilty, and enter a plea of guilty. The defendant represents to the court as follows:

1. I petition the Court to accept my plea of guilty to Count Two alleged in the Indictment. Count Two charges defendant with the Illinois State law of public indecency adopted for an area within federal jurisdiction, in violation of Title 18, United States Code, Section 13 and Chapter 720 of the Illinois Compiled Statutes Section 5/11-30(a)(2).

2. My full birth name is Fred Smith.

3. I was born in Oklahoma City, Oklahoma.

4. I am 37 years of age.

5. I have obtained my G.E.D.

6. I have received a copy of the Indictment. I have read it and discussed it with my attorney and I believe I understand the charges brought against me in this case.

7. Count Two of the indictment in this case charges: "On or about August 31, 2020, at USP Thomson, within the Northern District of Illinois, Western Division, Fred Smith, defendant herein, a person at least 17 years old, knowingly did make a lewd exposure of his body, specifically his genitals, in a place where the conduct may reasonably be expected to be viewed by others, with the intent to arouse or to satisfy the sexual desire of the defendant, in violation of Title 18, United States Code, Section 13 and 720 ILCS 5/11-30(a)(2).

More specifically, on or about August 31, 2020, I was 34 years old and an inmate at the United States Penitentiary in Thomson, Illinois ("USP Thomson"), a United States Prison facility on land acquired from the State of Illinois for the use of the United States and under the concurrent jurisdiction with the State of Illinois. On that date, at approximately 6:27 p.m., I was inside my assigned cell with the cell door closed. I was standing at the cell door, looking out, and masturbating when USP Thomson Employee A, a female, walked past the cell. At that moment, I was sexually aroused and my genitals were clearly visible through a cuff port. USP Thomson Employee A told me to stop, but I refused.

The events to which I am pleading guilty took place at or near USP Thomson, in Thomson, Illinois in the Western District of Illinois.

8. Therefore, I desire to plead guilty to Count Two in the indictment because I am guilty of those charges.

9. I understand that the charges to which I am pleading guilty carry the following potential statutory penalties:

(a) I understand that the charge to which I am pleading guilty is a violation of a law of the State of Illinois that was adopted for an area within Federal jurisdiction and is subject to like punishment as that state law, pursuant to 18 U.S.C. 13(a). I further understand that:

(a.) A violation of 720 ILCS 5/11-30(a)(2) is a class A misdemeanor and carries a maximum sentence of less than one year imprisonment and a maximum fine of $2,500, or both, pursuant to 730 ILCS 5/5-4.5-55(a) and (e). Additionally, pursuant to 730 ILCS 150/2(B)(1.11), this offense **does not** require the defendant to register as a sex offender under the Illinois Sex Offender Registration Act.

(b.) As a result of the federal conviction in this case, the judge may also impose a term of federal supervised release of not more than one year pursuant to Title 18, United States Code, Section 3583(b)(3).

(c.) I understand that pursuant to Title 18, United States Code, § 3013(a)(1)(A)(iii), I will be assessed $25 on each count to which I plead guilty, in addition to any other penalty imposed.

10. I understand that I have the right to be represented by an attorney at every stage of this legal proceeding and if I am financially unable to hire an attorney one will be appointed to represent me.

11. I understand that I have a right to plead not guilty, or to persist in a not guilty plea already made, and that if I choose to plead not guilty the constitution guarantees me the following rights which I acknowledge I am waiving by pleading guilty:

(a) the right to a speedy and public trial by jury in the district in which I am charged;

(b) the right to confront and cross-examine adverse witnesses;

(c) the right to use the power and the process of the court to compel the production of any evidence, including the attendance of any witnesses in my favor, at my trial;

(d) the right to the assistance of counsel at every stage of the proceedings, including an appeal if need be;

(e) the right to remain silent, including a right not to be compelled to testify at my trial;

(f) the right to testify in my own defense at the trial; and

(g) a right to appeal my conviction and my sentence to a higher court even if I am financially unable to pay the cost of an appeal.

12. I understand that while I cannot appeal my conviction if I plead guilty, I can appeal the validity of my plea and the sentence imposed.

13. I understand that if my plea of guilty is accepted by the court there will not be a further trial of any kind and that by pleading guilty I waive the right to a trial.

14. My attorney has discussed the advisory sentencing guidelines with me and I understand that the Court must calculate the guidelines, consider them in determining a reasonable sentence, but that the Court is not required to impose a guideline sentence. Rather, it is my understanding that the Court will consider all the factors set forth under 18 U.S.C. §3553(a) and impose a sentence sufficient, but not greater than necessary to comply with §3553(a).

15. Notwithstanding their advisory nature, I understand that the following calculations may be used to determine the guideline recommended sentence.

(a) The Sentencing Guidelines to be considered in this case are those in effect at the time of sentencing. The following statements regarding the calculation of the Sentencing Guidelines are based on the Guidelines Manual currently in effect, namely the November 2023 Guidelines Manual.

(b) The base offense level of a Class A Misdemeanor not covered by another specific

offense guideline is 6, pursuant to Guideline § 2X5.2.

(c) That I have clearly demonstrated a recognition and affirmative acceptance of personal responsibility for my criminal conduct within the meaning of Guideline §3E1.1 (a), and as part of this plea I agree to furnish to the United States Attorney's Office and the Probation Office with all requested financial information relevant to my ability to satisfy any fine that may be imposed in this case, and therefore a two-level reduction in the offense level is appropriate.

(d) That I have timely notified the government of my intention to enter a plea of guilty thereby permitting the government to avoid preparing for trial and to permit the Court to allocate its resources efficiently. Pursuant to § 3E1.1(b), if the Court determines the offense level to be 16 or greater prior to determining that that I am entitled to a 2 level reduction for acceptance of responsibility, I should receive an additional one level reduction in the offense level.

(e) That my criminal history category is VI.

16. Therefore, a criminal history category of VI, combined with a total offense level of 4 results in an anticipated advisory Sentencing Guidelines range of 6 to 12 months imprisonment, in addition to any supervised release, fine, and restitution the court may impose.

17. Despite the preliminary guideline calculations set forth above, I understand the Court ultimately determines the proper guidelines, and that I will not have a right to withdraw my plea of guilty solely because the court disagrees with one or more of the calculations set forth above, or otherwise calculate the guidelines in a manner different than I expect.

18. I declare that I offer my plea of guilty freely and voluntarily and of my own accord. No promises or threats have been made to me to induce me to enter a plea of guilty.

Dated: Jan 24/2024

**FRED SMITH**
Defendant.

**JERRY BISCHOFF**
Attorney